UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RICHARD BEAVERS,                    )
                                        )
             Plaintiff,           )
                                          )
            v.                )        No. 1:25-cv-00215-SEB-MJD
                                          )
RICE, et al.,                        )
                                        )
            Defendants.      )

**ORDER REOPENING CASE AND WARNING REGARDING
NONCOMPLIANT FILINGS**

This matter comes before the Court on Plaintiff Richard Beavers' filings, dkts. 28, 32. The

Court addresses each in turn.

**I.      Non-compliant filing which requests that this matter be re-opened, dkt. 28**

The Court first addresses Mr. Beavers' filing which requests that this matter be re-opened.

As an initial matter, the filing fails to include a title or a case number. But from the contents of the

filing, the Court construed Mr. Beavers' filing as a motion to reopen the case and directed the clerk

to docket it as such.

Mr. Beavers' filing states that he called the "clerk" and let them know that he was released

from prison and to send all of his mail to his sisters' house, but he never got any mail there. His

filing states that he is unhappy that the Court dismissed his cases because he did not know he had

mail from the Court.

Mr. Beavers, as the Plaintiff of this action and as a party before this Court, must comply

with the Court rules. The notice to pro se litigants issued in this matter, dkt. 5, dictates that: "Within

ten (10) days of any change, while this action remains pending, litigants **shall file** a change of

address and/or change of phone number." (emphasis added). *See also* dkt. 29 at 4. Mr. Beavers was

1

required to **file** his notice of change of address, *not* call the Court with his new address. The clerk of Court has no record of any phone call received by Mr. Beavers. Likewise, Mr. Beavers has provided the Court with no documentation which verifies that he called the clerk's office.

The Court emphasizes that Mr. Beavers is bound by the rules of this Court, including that of the notice to pro se litigant. Dkt. 5 ("If a litigant fails to keep the Court informed of his/her current mailing address, the action may be subject to dismissal.").

The filing that the Court construes as a motion to reopen, dkt. [28], is **granted** to the limited extent that the case will reopen where it left off. Mr. Beavers' complaint was dismissed for failure to state a claim. Dkt. 18. Mr. Beavers has until **April 10, 2026,** to file an amended complaint. If Mr. Beavers files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

II.     **Non-compliant filing which requests a form counsel motion and screening information, among other things dkt. 32**

Mr. Beavers has since sent the Court *another* filing that fails to comply with this Court's rules because it does not contain a case number nor a title. Nevertheless, the Court directed the clerk to docket that filing in each of Mr. Beavers' open cases, dkt. [32], which the Court construes as a motion for case status and counsel form.

The Court briefly addresses each of Mr. Beavers' requests. Mr. Beavers' request for a form motion for counsel, is **granted**. The **clerk is directed** to send Mr. Beavers' a copy of the Court's form motion for counsel. Any requests for counsel that are not on the Court's form will be summarily denied. The Court reminds, as it did in its Order on Pro Se Inmate Filings, "The plaintiff should not file a motion for counsel before the complaint has been screened and the defendants have filed an answer." Dkt. 29 at 4, citing *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013).

Mr. Beavers' request for "all [his] screening information on all [his] cases" is **granted** to the extent that the Court explains that it has not screened Mr. Beavers' amended complaint in this case.

### III.   Mr. Beavers' final warning regarding non-compliant filings and potential sanctions

Mr. Beavers was previously warned by this Court, *Beavers v. Guard*, 1:25-cv-00507-MPB-TAB dkt. 8, "that any filing that does not include a title and case number will be summarily denied, and the clerk may not docket items for which it cannot discern which case the filing is intended for." In that order, Mr. Beavers was warned: "The Court will not sanction Mr. Beavers at this time for these repeated filings, but he is hereby warned to be cautious in the future with his filings. 'District judges have the inherent authority to impose sanctions—including dismissal—when a litigant engages in conduct that abuses the judicial process.'" *White v. Williams*, No. 10- 2400, 423 F. App'x 645, 646 (7th Cir. June 7, 2011); *Beavers v. Guard*, 1:25-cv-00507-MPB-TAB dkt. 8 at 2-3.

In that Order, the Court directed the clerk to send copies of the docket sheet for each of his pending cases at that time, so that Mr. Beavers knew which case number to include on his filings. *Beavers v. Guard*, 1:25-cv-00507-MPB-TAB dkt. 8 at 3.

Despite the Court's warnings in this case and Mr. Beavers' other open cases, Mr. Beavers continues to abuse the judicial process by failing to label each filing with a title of the document and include the case number for which his filing corresponds. When Mr. Beavers requests something from the Court, he fails to label that filing "Motion" and specifically state what he requests the Court to do. Mr. Beavers' was explicitly instructed that these bare minimum requirements must be met for his document filings. *Id.* at 2. The Court warns, as it did in its Order on Pro Se Inmate Filings,

> After an action is opened and the plaintiff receives a case number, **every filing must have the case name and case number on the first page, including the letters following the case number. Filings may not contain more than one case number.** All filings must be single−sided, legible, have 1−inch margins, and be signed by the plaintiff. Filings without a case number on the first page may be returned unfiled.

Dkt. 29 at 4.

Mr. Beavers' continued non-compliant filings have placed a significant burden on this Court. Despite Mr. Beavers' many warnings, the Court's Order on Pro Se Inmate Filings *also* warns: "The failure to comply with this Order may result in sanctions, up to and including the dismissal of this action. See Fed. R. Civ. P. 16(f), 37(b)."

**If Mr. Beavers files another document with this Court that fails to include a specific case number and title of the filing, includes requests for relief in more than one case, or both, this Court will consider sanctioning him, up to and including dismissal of the case, and imposing a filing ban. Fed. R. Civ. P. 16(f).**

### IV.    Conclusion

Mr. Beavers' request to reopen the case, dkt. [28], is **granted** to the limited extent that this case is reopened, and the Court will screen the amended complaint in due course. Mr. Beavers has until **April 10, 2026,** to file an amended complaint. If Mr. Beavers files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

Mr. Beavers' filing, dkt. [32], is **granted** to the extent that the **clerk is directed** to send Mr. Beavers' a copy of the Court's form motion for counsel.

Mr. Beavers is reminded that he is bound by all of the rules of this Court, including its notice to pro se litigant, which requires "Within ten (10) days of any change, while this action

remains pending, litigants **shall file** a change of address and/or change of phone number." Dkt. 5. In other words, calling the Court is insufficient.

Mr. Beavers is warned, for the final time, that **if he files another document with this Court that fails to include a specific case number and title of the filing, this Court will consider sanctioning him, up to and including dismissal of the case, and imposing a filing ban. Fed. R. Civ. P. 16(f).**

**IT IS SO ORDERED.**

Date:    3/13/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RICHARD BEAVERS
170135
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064